**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MADISON MARSHALL, III** | **CIVIL ACTION** |
| **VERSUS** | **NO:    16-15907** |
| **JAMES POHLMAN** | **UNITED STATES MAGISTRATE** |
| | **JUDGE KAREN WELLS ROBY** |

## ORDER AND REASONS

Before the Court is a complaint filed by the *pro se* pauper Plaintiff Madison Marshall, III ("Marshall") filed against Defendant Sheriff James Pohlman. In accordance with Title 28 U.S.C. § 636(c) and the consent of the parties, this matter has been referred to the undersigned Magistrate Judge for all further proceedings and entry of judgment. R. Doc. 12. Upon review, the Court has determined that the complaint is frivolous. As such, for the following reasons, the Plaintiff's claims against Sheriff Pohlman are **DISMISSED.**

## I.      Background

On October 28, 2016, the Plaintiff Madison Marshall, III filed the instant complaint. R. Doc. 1. On November 1, 2016, the Court granted Marshall's request to proceed *in forma pauperis*. Marshall alleges that from August 19, 2016 through September 29, 2016 he was living in an unfit environment in the St. Bernard Parish jail. He alleges that the toilets did not function and that he had to smell urine for a week where he slept and ate. R. Doc. 1, p. 5. Marshall also states that he complained about the feeding situation as the plastic plates were filthy and dirty with black stains. *Id.* at p. 5, 8. Moreover, he complains that the showers were full of mold and mildew. *Id.* He further states that water leaked everywhere in the shower and that the only cleaning supplies were a mop and broom. *Id.* Marshall asserts that he filed complaints with the Ranking St. Bernard Deputys, but that he was ignored. Marshall seeks $500,000 for the unsanitary practices and environments he was housed in as well as the unfit living quarters. *Id.* at p. 6.

## II.    Standard of Review

"[A] District Court may dismiss without prejudice a pro se litigant's complaint if it is frivolous or malicious." *Harris v. United States Dept. of Justice,* 680 F.2d 1109, 1111 (5th Cir. 1982) (citing *Mitchell v. Beaubouef*, 581 F.2d 412, 416 (5th Cir. 1978)). As the Fifth Circuit in *Harris* explained:

> The two stage procedure that has been adopted in this Circuit for processing prisoner pro se complaints filed *in forma pauperis* has full application in the present context for it gives adequate protection to those not represented by attorneys and comports with the explicit provisions of 28 U.S.C. [§] 1915. The District Court first decides whether the litigant meets the economic requirements to proceed in forma pauperis. Then, pursuant to [§] 1915[(e)(2)], the Court may dismiss the complaint if, upon giving it the liberal reading traditionally granted pro se complaints, it determines that it is unmeritorious, frivolous or malicious.

680 F.2d at 1111 (internal citations omitted); *see also* 28 U.S.C. § 1915(e)(2); *see also Phillips v. City of Dallas*, 2015 WL 233336, at \*4 (N.D. Tex. Jan. 14, 2015) (noting that "a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action" is frivolous, malicious or fails to state a claim).

The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

A claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an undisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton*

*v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiffs' claims are based on an undisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

## III.    Analysis

### A.    Improper Defendant

Marshall has named Sheriff Pohlman as defendants, seeking to hold him liable in his supervisory roles in the facility. However, a supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.  *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."  *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).

Marshall has not alleged that Sheriff Pohlman was personally involved in not properly providing a clean living facility. The only alleged connection Sheriff Pohlman appears to have with the case is that he should be in charge of the St. Bernard Parish Jail. Without some personal action or connection which would render Sheriff Pohlman liable under § 1983, Marshall's claims against Sheriff Pohlman as a supervisory official are frivolous and otherwise fail to state a claim for which relief can be granted.

Marshall also has not alleged that he has suffered any constitutional injury directly resulting from any order, training, or other policy implemented by Sheriff Pohlman which would create liability under § 1983. *See* Johnson *v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also*, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988).

### B.      Unsanitary Plates

Nevertheless, even if Marshall could state a basis for liability against Sheriff Pohlman, his complaint about the unclean plates are still frivolous. Marshall complains that his food is being served on dirty and stained plastic plates.

The Constitution mandates that detainees and inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell,* 801 F.2d 765, 770 (quoting *Smith v. Sullivan,* 553 F.2d 373, 380 (5th Cir.1977)) (footnote omitted); *see also Eason,* 73 F.3d at 1327 ("To comply with the Constitution, inmates must receive 'reasonably adequate' food."). Prisons are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *See French v. Owens,* 777 F.2d 1250, 1255 (7th Cir .1985), *cert. denied sub nom, Owens v. French,* 479 U.S. 817 (1986).

A minor sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation. *Whitnack v. Douglas Cnty.,* 16 F.3d 954, 958 (8th Cir.1994); *Knop v. Johnson,* 977 F.2d 996, 1013 (6th Cir.1992); *Robinson v. Ill.State Corr. Ctr.,* 890 F.Supp. 715, 720 (N.D.Ill.1995). "[E]ven unsanitary conditions may not constitute constitutional deprivations if a good faith effort has been made to maintain a clean area." *Pickett v. Aramark*, No. 08-296, 2010 WL 146866, at *2 (N.D. Fla. Jan 8, 2010) (citing *Kennibrew v. Russell,* 578 F.Supp. 164

(E.D.Tenn.1983)). "Furthermore, without some showing of physical injury resulting from the food service practices or potential contamination of the food, [a plaintiff] has no basis for bringing a suit under § 1983." *Walton v. Topps*, No. 12-0931, 2012 WL 3947529, at *10 (E.D. La. July 23, 2012) (citing *Jackson v. Taylor,* No. 05–823, 2008 WL 4471439, at *5 (D. Del. Sep. 26, 2008)).

Here, Marshall has not alleged that he has been denied adequate nutrition or that his dietary needs have not been met. He has solely alleged a minor sanitation problem in connection with the plates on which food is served. His claims do not rise to the level of a constitutional violation. Marshall has also not alleged a physical injury arising from the conditions. As such, Marshall's claims can be dismissed with prejudice as frivolous and/or for failure to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e. *See Walton,* 2012 WL 3947529, at *10; *Tatten*, 2012 WL 2190781, at *6; *Groves v. Gusman*, No. 09-7431, 2011 WL 1459775, at *4 (E.D. La. Mar. 4, 2011).

### C.    Condition of Confinement Claim

Even if Marshall had identified a proper defendant, he has not alleged or established a constitutional violation resulting from the conditions in St. Bernard Parish Jail in order to recover under § 1983.  As a result the claims against the defendant should be dismissed.

The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'"  *Estelle v. Gamble*, 429 U.S. 97, 102-103 (1976) (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of

the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

As discussed previously, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit*, 641 F.2d at 346. Furthermore, the official must have acted with deliberate indifference to a known risk of harm to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson*, 245 F.3d at 459. The plaintiff must prove facts sufficient to show "at a minimum, that the prison officials realized there was imminent danger and have refused--consciously refused, knowingly refused--to do anything about it." *Campbell v. Greer*, 831 F.2d 700, 702 (7th Cir. 1987). Applying these factors to the instant case, Marshall has not alleged a constitutional violation based on the conditions in St. Bernard Parish Jail.

The conditions described by plaintiff—an improperly functioning toilet, the smell of urine, mold, mildew, and dampness—while plainly not comfortable or pleasant, do not rise to a level of seriousness to be considered a constitutional violation. The federal courts have long recognized that serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982). The Courts also have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or

commodious conditions." *Talib*, 138 F.3d at 215 (citing *Rhodes*, 452 U.S. at 349); *accord*

*Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).

In keeping with this philosophy, the federal courts have recognized that certain institutional

problems such as dust, mold, and stale air do not amount to a constitutional violation. *See*, *e.g.*,

*White v. Gusman*, No. 14-2131, 2014 WL 6065617, at *1 (E.D. La. Nov. 12, 2014); *Harrison v.*

*Cox*, No. 12-1813, 2013 WL 620799, at *5 (W.D. La. Jan.16, 2013), *adopted*, 2013 WL 622399,

at *1 (W.D. La. Feb. 15, 2013); *Clark v. Gusman*, No. 11-2673, 2012 WL 1825306, at *5 (E.D.

La. Mar. 29, 2012), *adopted*, 2012 WL 1825302, at *1 (E.D. La. May 18, 2012). To the extent

Marshall asserts that these factors were present, he has not stated a constitutional violation.

Furthermore, the jurisprudence has repeatedly held that the presence of mold and dampness

in a prison setting does not render an inmate's confinement unconstitutional. *See*, *e.g.*, *Eaton v.*

*Magee*, No. 10-112, 2012 WL 2459398, at *5 (S.D. Miss. Jun. 27, 2012) ("Plaintiff's claim that

the bathroom and shower area are unsanitary and contain black mold fails to rise to the level of a

constitutional violation."); *Barnett v. Shaw*, No. 11-0399, 2011 WL 2200610, at *2 (N.D. Tex.

May 18, 2011) (allegation of "excessive amount of black mold in the showers and sinks" was

insufficient to raise a claim for constitutional violation), *adopted*, 2011 WL 2214383, at *1 (N.D.

Tex. Jun. 7, 2011).

Thus, Marshall's allegations about mold and dampness fail to establish constitutional

violations. *See Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no constitutional violation

when prisoner was exposed for four days to raw sewage from overflowed toilet in his cell); *Davis*

*v. St. Charles Parish Corr. Ctr.*, No. 10-98, 2010 WL 890980, at *9 (E.D. La. Mar. 8, 2010) (citing

*Talib*, 138 F.3d at 215). "Simply because [plaintiff's] dorm is less sanitary than he would like

does not render the conditions unconstitutional." *Wilson v. Lynaugh*, 878 F.2d 846, 849 & n.5 (5th

Cir. 1989)) (inmate who complained of "unsanitary practice[s]," including inadequate ventilation, unsanitary water fountains, 52 inmates using one ice cooler, rest room four feet from the dining area, toilets leaking water and unsanitized living quarters, failed to state a claim.); *Smith v. Melvin,* 934 F.3d 647, 1996 WL 467658, at *2 (7th Cir. July 26, 1996) (unpublished table decision) ("Leaky toilets and puddles are unpleasant but not unconstitutional.").

For the foregoing reasons, Marshall's claims are frivolous and otherwise failed to present a claim for which relief can be granted. The claims should be dismissed for this reason under § 1915, § 1915A, and § 1997e.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that Madison Marshall III's claims against Sheriff James Pohlman are **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

New Orleans, Louisiana, this 21st day of June 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**